# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 08-122V
Filed: August 18, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | UNPUBLISHED |
| DANIEL KANEFIELD and DENISE | * | |
| KANEFIELD, parents of ADAM JAY | * | |
| KANEFIELD, a minor, | * | |
| | * | |
| | * | Chief Special Master Dorsey |
| Petitioners, | * | |
| | * | Motion to Re-Open Case |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

Jordan S. Cunningham, Cunningham Law Group, Templeton, CA, for petitioners.
Voris E. Johnson, United States Department of Justice, Washington, DC, for respondent.

**ORDER DENYING MOTION TO RE-OPEN CASE[1]**

On July 8, 2016, petitioners filed a motion to re-open the above-captioned case for the limited purpose of hearing their motion to modify the September 13, 2011, Decision to refer to their son by his initials ("A.K.") only. Petitioners' ("Pet.'") Motion ("Mot.") at 1-2. For the reasons set forth below, petitioners' motion to re-open the case is denied.

**I.   Procedural History**

On March 3, 2008, Daniel and Denise Kanefield ("petitioners") filed a petition pursuant to the National Vaccine Injury Compensation Program[2] alleging that various vaccinations injured

---

[1] Because this order contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§

1

their minor son, Adam Jay Kanefield. Petitioners represented themselves *pro se* for the duration of their case. A Decision dismissing the case for insufficient proof was issued on September 13, 2011. The Decision was headed as "Not to be Published." However, a footnote in the Decision stated:

> Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United Stated Court of Federal Claims' website, in accordance with the E-government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be available to the public. Id. <u>Any motion for redaction must be filed by no later than fourteen (14) days after filing date of this filing</u>**.

Decision, dated Sept. 13, 2011, at 1 n.1 (emphasis in original). No motion for redaction was filed and judgment entered on October 20, 2011. The case was terminated on CM/ECF[3] on October 20, 2011.

On November 11, 2013, over 2 years after judgment entered and the case was closed, petitioners left a voicemail for Chief Judge Campbell-Smith requesting that the September 13, 2011, Decision containing petitioners' names and their son's name be removed from the court's website. See Pet. Mot., Ex. A, at 1 n.1 (referring to petitioners' voicemail); Pet. Mot., Ex. B, at 1 (referring to petitioners' "phone request"). On November 12, 2013, Chief Judge Campbell-Smith responded with a letter to petitioners, stating that petitioners' request was untimely because "[t]he Vaccine Act requires the public availability of a special master's decisions but permits the redaction of certain medical and other personal information meeting statutorily defined criteria" only if a party timely requests redaction. Pet. Mot., Ex. A, at 1-2 (citing 42 U.S.C. §300aa-12(d)(4)(B)). Chief Judge Campbell-Smith concluded that "[t]he difficult, but dispositive, factor in this case is that no timely request for redaction was filed. Absent a request within the prescribed time limit of fourteen days after the issuance of a decision, an issued decision is posted on the court's website in satisfaction of the requirements of the Vaccine Act and the E-Government Act of 2002." Id.

On November 30, 2013, petitioners sent a letter addressed to then-Chief Special Master Vowell, again requesting redaction of their son's name from the September 13, 2011, Decision.

---

300aa-10 to 34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

[3] The Court's Case Management and Electronic Case Filing system.

Pet. Mot., Ex. B, at 2.  On December 27, 2013, Chief Judge Campbell-Smith again responded with a letter stating that petitioners' request was untimely: "Pursuant to 42 U.S.C. §300aa-12(d)(4)(B) and Vaccine Rule 18(b), absent a request within the prescribed time limit of fourteen days after the issuance of a decision, an issued decision is posted on the court's website in satisfaction of the requirements of the Vaccine Act and the E-Government Act of 2002.  This approach cannot be changed for individual petitioners who fail to comply with the terms of Rule 18(b)."  See Pet. Mot., Ex. C at 2.

Petitioners retained an attorney, and on July 8, 2016, almost 5 years after judgment entered, filed a motion to substitute counsel and a motion to re-open the case for the purpose of hearing their motion to redact the Decision so that it uses their son's initials only.  Pet. Mot. at 1-2.[4]  On July 20, 2016, respondent filed a response to petitioners' motion, stating that she "does not believe it is appropriate to advocate in favor of disclosure of a petitioner's [sic] information in any particular case, including this one, but rather defers to the special master's judgment as to whether petitioners' motion should be granted."  Respondent's ("Resp.") Response at 2.  Petitioners did not file a reply.  This matter is now ripe for adjudication.

## II. Petitioners' Motion to Re-Open

Petitioners' motion does not provide any procedural mechanism or substantive basis for their motion to re-open the case, other than stating that doing so would be "in the interests of justice."  Pet. Mot. at 1.  In explaining why redaction is warranted, petitioners note that they were not represented by counsel in 2011, and their failure to comply with the 14 day deadline for objecting to disclosure of the Decision should be considered "excusable neglect by unrepresented parties."  Id. at 3.  Petitioners also argue that protecting the privacy of a minor is "good cause" for ordering redaction.  Id.

### a. No Procedural Mechanism Exists for Granting Petitioners' Motion to Re-Open

No procedural mechanism exists by which this case could be re-opened for the purpose of hearing petitioners' motion to redact approximately 5 years after the deadline pursuant to Vaccine Rule 18(b) has passed and the Decision was released into the public domain.  The Vaccine Rules and the Rules of the United States Court of Federal Claims ("RCFC")[5] provide procedural mechanisms for filing several types of post-decision and/or post-judgment motions for specific purposes.  In addition to motions for redaction under Vaccine Rule 18(b), discussed

---

[4] Petitioners also request that their motion be filed under seal.  Pet. Mot. at 1.  Pursuant to the Vaccine Rules, ECF filings submitted by the parties in Vaccine Act cases are automatically placed under seal and are accessible only to court personnel and counsel of record.  RCFC, Supplement to Appendix B, Rule 25.

[5] Vaccine Rule 1(c) provides that "the RCFC apply only to the extent they are consistent with the Vaccine Rules."  RCFC, Appendix B, Vaccine Rule 1(c).

above, the Vaccine Rules provide for motions for reconsideration under Vaccine Rule 10(e)[6] and motions for review under Vaccine Rule 23.[7] Vaccine Rule 36 also permits motions for reconsideration pursuant to RCFC 59[8] and motions for relief from judgment or order pursuant to RCFC 60.[9] Petitioners motion could be construed as a request for post-judgment or post-

---

[6] "Either party may file a motion for reconsideration of the special master's decision within 21 days after the issuance of the decision, if a judgment has not been entered and no motion for review under Vaccine Rule 23 has been filed." RCFC, Appendix B, Vaccine Rule 10(e)(1).

[7] "To obtain review of the special master's decision, a party must file a motion for review with the clerk within 30 days after the date the decision is filed." RCFC, Appendix B, Vaccine Rule 23(a) (emphasis added).

[8] RCFC 59 provides:

> **(a) In General.**
> **(1)** *Grounds for New Trial or Reconsideration.* The court may, on motion, grant a new trial or a motion for reconsideration on all or some of the issues—and to any party—as follows:
> **(A)** for any reason for which a new trial has heretofore been granted in an action at law in federal court;
> **(B)** for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or
> **(C)** upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.
> . . .
> **(b) Time to File a Motion for a New Trial or for Reconsideration.**
> **(1)** A motion for a new trial or for reconsideration under RCFC 59(a)(1)(A) or (B) must be filed no later than 28 days after the entry of judgment.
> **(2)** A motion for a new trial or for reconsideration under RCFC 59(a)(1)(C) may be filed—and the payment of judgment stayed—at any time while the suit is pending, after review proceedings have been initiated, or within 2 years after the final disposition of the suit.

RCFC 59(b)-(a).

[9] RCFC 60 provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;

4

decision relief under one the foregoing provisions, but those provisions are inapplicable to the present situation. Petitioners are not seeking reconsideration or review of the Decision or relief from judgment or order, and even if they were, such request would be denied as time barred. No mechanism exists for filing a general "motion to re-open" a case for the purpose of requesting redaction, years after the Decision has been made public.

Special Masters derive their powers from the Vaccine Act, and thus "any authority held by the special masters to correct decisions must flow from the Vaccine Act or its implementing Vaccine Rules, and not from any 'inherent' source of power." Patton v. Sec'y of Health & Human Servs., Nos. 93-5187, 94-5002, 25 F.3d 1021 (Fed. Cir. 1994); see also Langland v. Sec'y of Health & Human Servs., No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011) (Special masters derive their authority from the Vaccine Act. They have no inherent authority to order redaction). Thus, in the absence of a Rule providing a mechanism for a special master to "re-open" a case for the purpose of entertaining a motion to redact, it is simply not within the special master's authority to do so, whether or not such motion is "in the interest of justice," for "good cause," or based on "excusable neglect."

### b. Petitioners' Request is Time Barred Under Existing Procedural Mechanisms

The purposes of the procedural mechanisms set forth above are not substantively relevant to petitioners' request that their case be re-opened for the purpose of hearing a motion to redact, and no mechanism exists that permits such a request. However, to the extent that petitioners' motion asserts any of the Vaccine Rules or Rules of the Court of Federal Claims containing the phrases "the interest of justice," "excusable neglect," and/or "good cause" as bases for re-opening their case, the Rules containing these phrases are discussed below. Motions under any of these Rules are time barred in this case.

### i. Interests of Justice

Vaccine Rule 10(e)(3) provides that "[t]he special master has the discretion to grant or deny [a motion for reconsideration] **in the interest of justice**." RCFC, Appendix B, Vaccine Rule 10(e)(3) (emphasis added). This phrase does not appear anywhere else in the Vaccine Rules, and does not appear in any part of the RCFC dealing with post-decision and/or post-

---

(**5**) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(**6**) any other reason that justifies relief.
. . .
(**c**) **Timing and Effect of the Motion.**
(**1**) *Timing*. A motion under RCFC 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

RCFC 60(b)-(c).

judgment motions.[10] A motion for reconsideration may be made within 21 days of the issuance of the decision "if a judgment has not been entered and no motion for review under Vaccine Rule 23 has been filed." RCFC, Appendix B, Vaccine Rule 10(e)(1).

The plain language of Vaccine Rule 10(e)(3) provides that a motion for reconsideration must be made within 21 days of the issuance of the decision. Moreover, a motion under Rule 10(e) may only be made *if a judgment has not been entered*. Motions for reconsideration made *after* judgment has entered may be made pursuant to Rule 60(b). RCFC, Appendix B, Vaccine Rule 36; See Lemire v. Sec'y of Health & Human Servs., 60 Fed. Cl. 75, 77 (2004) (Vaccine Rule 36 gives the special master authority to act on a Rule 60(b) motion). Vaccine Rule 10(e) does not give the special master power to affect a claim once judgment is entered. Lemire, 60 Fed. Cl. at 77. In this case, the motion to re-open the case was made nearly 5 years after the entry of judgment. Thus, petitioners' motion is not appropriate under Vaccine Rule 10(e)(3).

   ii. **Excusable Neglect and Good Cause**[11]

    **A. Relief From Judgment Under Vaccine Rule 36 and RCFC 60(b)**

Under Vaccine Rule 36, a party may seek relief from judgment pursuant to Rule 60 of the RCFC. Rule 60(b) provides an "'exception to finality,' that 'allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" Kennedy v. Sec'y of Health & Human Servs., 99 Fed. Cl. 535, 548 (2011) (quoting Gonzales v. Crosby, 545 U.S. 524, 529 (2005)). The court may grant relief from a final judgment on the following grounds:

> (1) mistake, inadvertence, surprise, or **excusable neglect**;
> (2) newly discovered evidence . . . ;

---

[10] The phrase "in the interest of justice" appears in the following Rules, which are not relevant to the present motion to re-open the case: RCFC 26(d) (discovery); RCFC 83.2(k)(3)(b) (attorney discipline); RCFC 7, Appendix A, Case Management Procedure (preliminary scheduling conferences); and Rule 32(a)(4)(E) (witnesses).

[11] Other than the provisions discussed here, the phrases "excusable neglect" and "good cause" do not appear in any other provisions of the Vaccine Rules or RCFC that relate to post-decision and/or post-judgment motions. The phrase "good cause" appears in the following provisions, which are not relevant to petitioners' motion to re-open: RCFC 14(b) (third party practice); Rule 16(b)(4) (modifying schedules); Rule 26(b)(2)(B) (discovery); Rule 26(c)(1) (protective orders in discovery); Rule 31(a)(5) (depositions); Rule 33(b)(4) (interrogatories); Rule 35(a)(2)(A) (physical and mental examinations); Rule 43(a) (taking testimony); Rule 44(a)(C) (foreign record authenticity); Rule 45(e)(1)(D) (subpoenas), Rule 55(c) (default judgments); RCFC 65 (temporary restraining orders); Rule 77(c) (the clerk's office); Rule 83.2(k)(3)(B) (attorney discipline); Vaccine Rule 9 (suspending proceedings); RCFC, Supplement to Appendix B, Rule 7 and RCFC, Appendix E, Rule 7 (exemptions from filing electronically); RCFC 4(f) (referral to the Surface Transportation Board); and Appendix I, Rule 4(f), Procedure in Carrier Cases.

RCFC 5.2(e) provides that the court can order redaction of certain information for good cause. Petitioners cite this rule as a basis for redacting the minor's initials in this case. Pet. Mot. at 4. However, it does not provide any basis to re-open a case. The undersigned does not reach the issue of whether RCFC 5.2(e) would allow redaction in this case.

>   (3) fraud . . . misrepresentation, or misconduct by an opposing party;
>   (4) the judgment is void;
>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;
>   (6) any other reason that justifies relief.

RCFC 60(b) (emphasis added).

A motion under RCFC 60(b) must be made "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." RCFC 60(c)(1). A motion based on a ground enumerated in clauses (1)-(3) is *completely barred* if not made within the requisite one year time period. See Freeman v. Sec'y of Health & Human Servs., 35 Fed. Cl. 280, 283 (Fed. Cl. 1996); RCFC 6(b)(2) (the court must not extend the time to act under RCFC 60(b)). The catchall provision of Rule 60(b)(6) provides for relief from judgment upon "any other reason that justifies relief." RCFC 60(b)(6). However, relief under 60(b)(6) cannot be asserted on one of the grounds for relief enumerated in 60(b)(1) through (5), including excusable neglect. Freeman, 35 Fed. Cl. at 283; Kennedy v. Sec'y of Health & Human Servs., 99 Fed. Cl. 535, 547 (2011) (citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988)). Clauses (1)-(4) are mutually exclusive with clauses (5) and (6). Pioneer Inv. Servs. Co v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380, 393 (1993). In this case, petitioners' motion was made nearly 5 years after entry of judgment and a motion for relief from judgment based on excusable neglect is therefore time barred.[12]

### B. Extensions of Time Under Vaccine Rule 19(b)(1) and RCFC 6(b)

The phrases "excusable neglect" and "good cause" appear in Vaccine Rule 19(b)(1) and RCFC 6(b), which govern extending time. Vaccine Rule 19(b)(1) provides that "[t]he special master or the court may grant a motion for an enlargement of time **for good cause** shown except when such an extension is prohibited by these rules." RCFC, Appendix B, Vaccine Rule 19(b)(1) (emphasis added). RCFC 6(b) provides:

>   **(1)** *In General.* When an act may or must be done within a specified time, the court may, **for good cause**, extend the time:
>   **(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>   **(B)** on motion made after the time has expired if the party failed to act because of **excusable neglect**.
>   **(2)** *Exceptions.* The court must not extend the time to act under RCFC 52(b), 59(b), (d), and (e), and 60(b).

RCFC 6(b) (emphasis added).

---

[12] Pursuant to RCFC 60(b), the court is not permitted to extend the time beyond the one year time period. RCFC 6(b).

The provisions for extending time are not applicable to the motion in this case, however, which was filed nearly 5 years after judgment was entered and the case was closed.[13] While RCFC 6(b) provides for motions made after the time for doing an act has expired, it does not provide for motions made after judgment has entered and the case has been closed. Moreover, allowing such motions years after a case is closed and final undermines the need for an end to litigation. If petitioners' motion to re-open were granted, it is conceivable that other petitioners would use this decision as a basis to seek to re-open cases that have been closed for many years. In a time when the caseload of the Vaccine Program is increasing, and the docket is becoming so large that it is difficult to render timely decisions on pending cases, allowing the re-opening of previously closed and finalized cases would be unmanageable.[14] Then-Chief Special Master Campbell-Smith noted the need for finality with regard to redaction motions in Steinweg v. Sec'y of Health & Human Servs., No. 03-1150V, 2011 WL 7461893 (Fed. Cl. Spec. Mstr. Apr. 4, 2011):

> Establishing a practice of abrogating the requirement for timely filing of redaction motions diminishes the effectiveness of the Rule and creates tremendous uncertainty about the content of and timing for issued decisions that will become publicly available. Entertaining untimely redaction motions—except in extraordinary circumstances such as the court's administrative error or an emergent closing of the court—risks introducing unnecessary opportunities for erroneous disclosures in posted decisions. Adopting a practice that fails to comply with the rules for redaction has proven to be administratively unmanageable and cannot be sustained.

2011 WL 7461893, at *2.

### c. Redaction Would Not Achieve Petitioners' Objective

Even if a procedural mechanism existed for re-opening this case, redaction of the September 13, 2011, Decision would not accomplish petitioners' desire that their son's "full name not be associated with this case and the personal and medical information contained therein not be associated with him in the public domain." Pet. Mot. at 3. The Decision was made public in 2011, pursuant to 42 U.S.C. §300aa-12(d)(4)(B) and Vaccine Rule 18(b). Once a decision has been made public, it is in the public domain and it is too late to effect redaction. As respondent

---

[13] The undersigned notes that RCFC 6(b) specifically prohibits extensions of time to file a motion for reconsideration under RCFC 59(b) and a motion for relief from judgment under RCFC 60(b), even if good cause and excusable neglect were demonstrated. In addition, Vaccine Rule 23, which governs motions for review, requires such motions to be made within 30 days after the date the decision is filed and states that "[n]o extensions of time will be permitted under this rule and the failure of a party to file a motion for review in a timely manner will constitute a waiver of the right to obtain review." RCFC, Appendix B, Rule 23.

[14] The need for finality has been discussed in the context of RCFC 60(b) motions. See Kennedy, 99 Fed. Cl. 535.

8

notes, redaction of the Decision would not effectively protect petitioners' son's privacy, as the Decision has been posted to the Court's website for almost 5 years, during which time the decision has presumably been accessed and/or copied by members of the public.  Resp. Response at 2.  Chief Judge Campbell-Smith expressed similar thoughts in her November 12, 2013, letter: "Once posted on the court's website and thereby released into the public domain, vaccine decisions may be copied, referenced, and reposted by various electronically available publications.  Accordingly, a decision, once posted, cannot be effectively recalled from the public domain."  Pet. Mot., Ex. A at 2 n.5.  The result sought by petitioners cannot be achieved at this late date, and the deadline on motions for redaction is necessary to provide finality to Program Cases.

### III.    Conclusion

For the reasons discussed above, petitioners' motion to re-open the case for the purposes of hearing their motion to redact their minor son's name to his initials is **DENIED**.

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master